IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–00176–KMT

ANTONIO FRANK DELMONICO IV,

    Plaintiff,

v.

BEACON HEALTH OPTIONS INC. (also known as: HEALTH COLORADO),

    Defendant.

---

# ORDER

---

Before the court is "Plaintiff Antonio Delmonico's Objection to a Federal Magistrate Presiding on this Case." (["Motion"], Doc. No. 29.) Defendant has responded in opposition the Motion. (["Response"], Doc. No. 30.) No further briefing on the Motion has been filed. For the following reasons, the Motion is DENIED.

*Pro se* Plaintiff Antonio Frank Delmonico IV[1] brings this employment discrimination lawsuit against Defendant Beacon Health Options, Inc., asserting violations of the Americans with Disabilities Act ["ADA"], 42 U.S.C. §§ 12101, *et eq.*, as well as "the common law of Colorado." (Doc. No. 6.) On June 2, 2021, the parties jointly filed the "Election Concerning

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

Consent/Non-Consent to United States Magistrate Judge Jurisdiction" standardized form, indicating their unanimous consent to magistrate judge jurisdiction in this matter. (Doc. No. 18.) As such, on June 3, 2021, this case was referred to the undersigned for all purposes, pursuant to 28 U.S.C. § 636(c). (Doc. No. 22.) Thirteen days later, on June 16, 2021, Plaintiff unilaterally filed another consent form, indicating that he no longer consented to magistrate judge jurisdiction. (Doc. No. 24.) In light of that filing, on June 17, 2021, this court issued a Minute Order, advising Plaintiff that, once a case is referred to a magistrate judge under 28 U.S.C. § 636(c), such reference may be withdrawn, only if: (1) the district court, on its own, finds good cause to do so; or if (2) the district court, on a motion by a party, finds that "extraordinary circumstances" are shown. (Doc. No. 26); *see* Fed. R. Civ. P. 73(b)(3); 28 U.S.C. § 636(c)(4).

On June 28, 2021, Plaintiff filed the present Motion, asking that this case be reassigned to a United States District Judge, on the basis that the undesigned "has formed some kind of bias against [him] and is not impartial regarding this case." (Mot. 1.) In the Motion, Plaintiff also requests that "any forms" he is "required to sign" in this matter "be done by regular mail," so as to prevent Defendant from being "deceitful." (*Id.*) In addition, Plaintiff asks that this court "order when [he is] required to work with opposing counsel that a hearing be set so anything related to this case will be done on the record." (*Id.*) Plaintiff further requests that the court "order a settlement conference and require that the individuals that have the ability to settle this case be required to attend." (*Id.* at 2.)

In this case, there is no question that all parties, including Plaintiff, previously consented to magistrate judge jurisdiction. (Doc. No. 18.) Plaintiff, here, has failed to make the necessary showing of "extraordinary circumstances" to rescind such consent, as is required by Federal Rule

2

of Civil Procedure 73(b) and 28 U.S.C. § 636(c)(4).  To the extent that the present Motion can be construed as a motion to recuse, Plaintiff has failed to allege any facts that would cause a reasonable person to question the impartiality of the undersigned in this matter, as is required by 28 U.S.C. § 455.  Specifically, Plaintiff does not point to any errors in this court's rulings, and he provides no support for his allegations of "bias."  *See Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir. 2006) ("[U]nsubstantiated suggestions, speculations, and opinions are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal.") (alterations omitted); *see also In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) ("Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record.").  Finally, to the extent that Plaintiff requests that a settlement conference be set, the court finds the request to be premature.

Accordingly, it is

**ORDERED** that "Plaintiff Antonio Delmonico's Objection to a Federal Magistrate Presiding on this Case" (Doc. No. 29) is **DENIED**.  It is further

**ORDERED** that, in light of the apparent miscommunications and misunderstandings caused by telephone conferral, further communications between the parties shall be through email only.

Dated this 6th day of July, 2021.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge