IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–00176–KMT

ANTONIO FRANK DELMONICO IV,

    Plaintiff,

v.

BEACON HEALTH OPTIONS INC. (also known as: HEALTH COLORADO),

    Defendant.

---

# ORDER

---

Before the court is "Beacon Health Options, Inc.'s Motion to Stay Discovery and Fed. R. Civ. P. 26(a)(1) Requirements Pending Resolution of Motion to Dismiss." (["Motion"], Doc. No. 19.) No response has been filed to the Motion, and the time to do so has lapsed. For the following reasons, the Motion is GRANTED.

*Pro se* Plaintiff Antonio Frank Delmonico IV ["Delmonico"][1] brings this lawsuit against Defendant Beacon Health Options, Inc. ["Beacon"], asserting violations of the Americans with Disabilities Act ["ADA"], 42 U.S.C. §§ 12101, *et eq.*, as well as "the common law of Colorado." (Doc. No. 6.) Delmonico alleges, specifically, that, after he "filed a Colorado Civil Rights

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

discrimination charge against the defendant," Beacon "retaliated against [him] by providing a false criminal history and/or notice of a Be On the Lookout (BOLO) to Solvista Medical Corp.[,]" "wrongfully labeled [him] as a perceived threat[,] and created a policy which allows [Delmonico] to be terminated by any medical provider without cause." (*Id.* at 2.) In his operative pleading, Plaintiff requests injunctive relief, as well as nominal damages. (*Id.* at 6.)

On April 27, 2021, Defendant responded to Plaintiff's allegations by filing a motion to dismiss this case, in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 12.) Five weeks later, on June 2, 2021, Defendant filed the present Motion, asking that discovery in this matter be stayed pending resolution of the previously filed motion to dismiss. (Mot. 1.) Defendant argues that a discovery stay is appropriate in this case because the motion to dismiss challenges this court's subject matter jurisdiction. (Mot. 3-4.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Miles v. BKP, Inc.*, No. 18-cv-01212-PAB-MEH, 2019 WL 5957296, at *1 (D. Colo. Nov. 13, 2019); *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, Plaintiff has not responded, or otherwise expressed opposition, to the present Motion. The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendant argues that it will be particularly burdened in the event that discovery proceeds prior to the resolution of its motion to dismiss, "given the undefined, everchanging[] nature of Mr. Delmonico's allegations." (Mot. 4.) In making that argument, Defendant also stresses that it has invoked a jurisdictional challenge to Plaintiff's claims against it. (*Id.*) Therefore, the court agrees that Defendants could be prejudiced by engaging in discovery at this time. *See Al-Turki v. Tomsic*, No. 15-cv-00524-REB-KLM, 2015 WL 8758745, at *2 (D. Colo. Dec. 15, 2015) (finding the second factor to weigh in favor of a stay, where the underlying motion to dismiss raised only legal arguments for dismissal); *Sallie v. Spanish Basketball Fed'n*, No. 12-cv-01095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved.").

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Thus, considering the *String Cheese* factors together, a stay of discovery is appropriate.

Accordingly, it is

**ORDERED** that "Beacon Health Options, Inc.'s Motion to Stay Discovery and Fed. R. Civ. P. 26(a)(1) Requirements Pending Resolution of Motion to Dismiss" (Doc. No. 19) is **GRANTED**. Discovery in this matter is **STAYED** pending resolution of Defendant's motion to

dismiss. (Doc. No. 12.) The parties shall file a joint status report within ten days of a ruling on the motion to dismiss, if any portion of the case remains, to advise whether the proposed scheduling order deadline should be reset.

Dated this 7th day of July, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge