IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-00176-CMA-KLM

ANTONIO F. DELMONICO, IV,

    Plaintiff,

v.

BEACON HEALTH OPTIONS INC., *a/k/a* Health Colorado,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant Beacon Health Options Inc.'s Motion to Dismiss (Doc. # 12) Plaintiff's Amended Complaint (Doc. # 6). For the following reasons, the Court grants the Motion.

### I.    BACKGROUND

This case arises from a health care dispute in Pueblo, Colorado. Plaintiff Antonio Frank Delmonico, IV, *pro se*, commenced this action on January 19, 2021, alleging defamation and violations of the Americans with Disabilities Act ("ADA") and the "common law of Colorado." (Doc. # 1.)

On January 25, 2021, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to file an amended complaint to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and to "clarify the jurisdictional basis for his claims and provide sufficient factual allegations" to establish the Court's subject matter jurisdiction over

such claims. (Doc. # 6 at 3, 5.) Plaintiff filed an Amended Complaint on February 10, 2021. (Doc. # 6.)

In the Amended Complaint, Plaintiff alleges that Defendant Beacon Health Options, Inc. ("Beacon") retaliated against him by "providing a false criminal history" and "notice of a Be on the Lookout" ("BOLO")" alert to medical providers. (Doc. # 6 at 2.) Plaintiff avers that the BOLO was created by Catholic Health Initiatives of Colorado, not Beacon. (*Id.* at 3.) Plaintiff further alleges that Beacon transmits his medical records to medical providers, and the medical records contain the BOLO. (*Id.*) According to Plaintiff, inclusion of the BOLO in his medical records has prevented him from seeking care with his preferred medical providers. (*Id.* at 6.)

Plaintiff asserts that the Court has federal question jurisdiction pursuant to "42 U.S.C. § 12203" as well as the common law of Colorado. (*Id.* at 2.) He cites the ADA, defamation, and defamation per se. (*Id.*) In his first claim for relief, Plaintiff alleges that Defendant provided a false criminal history as retaliation because Plaintiff allegedly filed a civil rights complaint against Beacon. (*Id.* at 2–3.) In his second claim, Plaintiff alleges that Defendant committed "Defamation and/or Defamation Per Se" by transmitting the BOLO. (*Id.* at 4.) Plaintiff requests that his BOLO status be removed or redacted so that he can seek care with certain medical providers who will not treat him because of the BOLO. (*Id.* at 6.) He also asks for a nominal judgment. (*Id.*)

On April 27, 2021, Beacon filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. # 12.) Beacon argues that Plaintiff has

failed to state any question of federal law and has failed to state a claim for relief. (*Id.*) The motion has been fully briefed. (Doc. ## 16, 17.)

## II.     LEGAL STANDARDS

The Court reviews *pro se* pleadings "liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). A court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cnty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). Federal subject matter jurisdiction can arise under 28 U.S.C. § 1331 for claims "arising under the Constitution, laws, or treaties of the United States" or under 28 U.S.C. § 1332(a) where the amount in controversy exceeds $75,000 and the conflict is between citizens of different states.

Rule 12(b)(1) provides for challenges to a court's subject matter jurisdiction. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Generally, Rule 12(b)(1) motion may take two forms: a

facial attack or a factual attack on the complaint. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on the complaint, as is the case here, the Court accepts the allegations of the complaint as true. (*Id.*)

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III.   DISCUSSION

Defendant argues that no question of federal law appears on the face of Plaintiff's Amended Complaint. (Doc. # 12.) The Court agrees.

For a court to have federal question jurisdiction under 28 U.S.C. § 1331 "two conditions must be satisfied. First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint. Second, plaintiff's cause of action must either be (1) created by federal law; or (2) if it is a state-created cause of action, its resolution

4

must necessarily turn on a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quotation and citation omitted).

As the basis for federal question jurisdiction in this case, Plaintiff points to the "Americans with Disabilities Act, 42 U.S.C. § 12203, and the common law of Colorado." (Doc. # 6 at 2.) Although Plaintiff cites the ADA in his identification of jurisdiction, Plaintiff's two claims in the Amended Complaint are unrelated to the ADA. Rather, Plaintiff's claims are: (1) retaliation for filing a civil rights complaint; and (2) defamation under the "common law of Colorado." (*Id.* at 4–5.) Construing the pleading liberally, the Court addresses each claim in turn.

**A.  RETALIATION CLAIM**

To state a retaliation claim sufficient to establish a federal question, a plaintiff must demonstrate (1) he was engaged in constitutionally protected activity, (2) defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) defendant's adverse action was substantially motivated as a response to plaintiff's constitutionally protected activity. *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of . . . constitutional rights." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990)).

In his Amended Complaint, Plaintiff does not allege that he was engaged in any constitutionally protected activity. Instead, Plaintiff asserts that Defendant provided the

BOLO to other medical providers for allegedly retaliatory reasons. (Doc. # 6 at 3.) He alleges that Beacon informed him that it "will continue to inform potential medical providers [that] I am a perceived threat so I can be wrongfully terminated and/or denied" medical care. (*Id.*) Plaintiff makes no recognizable assertion of protected constitutional activity and, as such, Plaintiff's claim does not implicate a question of federal law.

### B. DEFAMATION CLAIM

Next, Plaintiff asserts a claim for defamation or defamation per se under Colorado law. (*Id.* at 4.) In so doing, Plaintiff appears to assert that the BOLO is defamatory under Colorado law because it includes a "false criminal history." (*Id.*); *see Tonnessen v. Denver Pub. Co.*, 5 P.3d 959, 963 (Colo. App. 2000) ("A statement imputing a criminal offense is defamatory *per se*."). Plaintiff's second claim arises under state law, and the claim as alleged presents no federal question.

Therefore, the action must be dismissed without prejudice for lack of subject matter jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (affirming dismissal without prejudice where a claim is dismissed for lack of subject matter jurisdiction).

### IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Defendant Beacon Health Options Inc.'s Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (12)(b)(6) is GRANTED.

- Defendant's Complaint is DISMISSED, without prejudice, for lack of subject matter jurisdiction.

The Clerk of the Court is directed to close this case.

DATED:  March 17, 2022

                            BY THE COURT:

                            _____
                            CHRISTINE M. ARGUELLO
                            United States District Judge